IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT ELLISON,  *Petitioner*,  v.  MARK GARMAN, *et al.*,  *Respondents*. | CIVIL ACTION  NO. 16-0775 |

**PAPPERT, J.**                                                                      October 31, 2017

## MEMORANDUM

Lamont Ellison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 16, 2016. On February 28, 2017, Magistrate Judge Marilyn Heffley issued a Report and Recommendation (R&R) recommending that the petition be denied. (ECF No. 19.) Ellison did not file any objections and the Court approved and adopted the R&R after reviewing it for clear error. (ECF No. 22.) Ellison subsequently moved for relief from final judgment, alleging that he never received a copy of the R&R in prison and thus was unable to file timely objections. (ECF No. 23.) The Court granted Ellison's motion, vacated its Order and reopened the case to allow Ellison to submit objections.[1] (ECF No. 27.) Upon consideration of the record, Magistrate Judge Heffley's R&R, and Ellison's objections thereto, the Court adopts the R&R and denies Ellison's petition.

---

[1] The Order required Petitioner to file his objections on or before September 11, 2017. (ECF No. 27.) The Court received Petitioner's objections on September 14, 2017. (ECF No. 28.) The Petitioner was entitled to an additional three days to file his objections because the R&R was served on him by mail. *See Neiman v. Astrue*, No. 09-4472, 2011 WL 816779, at *2 (E.D. Pa. Mar. 8, 2011).

1

## I.

Ellison was convicted of third-degree murder and possessing an instrument of crime in the Court of Common Pleas of Philadelphia County on January 15, 2010. *Commonwealth v. Ellison*, No. 3191 EDA 2014 (Pa. Ct. Com. Pl. Phila. Cnty. Feb. 27, 2015) [hereinafter "PCRA Rule 1925 Op."].[2] The court sentenced Ellison to seventeen and a half to thirty-five years' imprisonment for third-degree murder and two terms, running concurrently, of one-half to five years' imprisonment for possessing an instrument of crime on April 1, 2010. *Id.* Ellison filed a direct appeal and the Pennsylvania Superior Court affirmed the trial court's decision on February 18, 2011. *Id.* Subsequently, Ellison petitioned for an allowance of appeal which the Pennsylvania Supreme Court denied on August 11, 2011. *Id.*

Ellison filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA") on June 25, 2012. *Id.* at 1-2. After counsel was appointed, Ellison filed an amended PCRA petition on November 19, 2013. *Id.* at 2. The PCRA court dismissed the amended petition for lack of merit on October 31, 2014. *Commonwealth v. Ellison*, No. MC-51-CR-0006190-2008 (Pa. Ct. Com. Pl. Phila. Cnty. Oct. 31, 2014). Ellison appealed and the Pennsylvania Superior Court affirmed. PCRA Rule 1925 Op. at 5. The Pennsylvania Supreme Court denied Ellison's petition for allowance of appeal on December 31, 2015. *Commonwealth v. Ellison*, 114 A.3d 1038 (Pa. 2015).

## II.

A writ of habeas corpus shall not be granted unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application

---

[2] Pennsylvania Rule of Criminal Procedure 1925(a) requires a trial court whose decision is appealed to file an opinion stating the reasons for the rulings complained of.

2

of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Additionally, before a federal court can grant a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. *Lambert v. United States*, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A). If a petitioner does not exhaust state remedies, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**A.**

The facts of this case are set forth in detail in Judge Heffley's R&R and need not be repeated here. "[F]or the portion of the R&R to which no objection [is] made, the Court reviews the R&R for clear error." *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). The Court reviews *de novo* the specific portions of the R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Additionally, Local Rule of Civil Procedure 72.1 IV(c) states: "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." *See also*

3

*Fowler v. Mooney*, No. 14-1768, 2015 WL 6955434, at *1–2 (E.D. Pa. Nov. 9, 2015); *Yarbrough v. Klopotoski*, No. 09-336, 2009 WL 4673862, at *1–2 (E.D. Pa. Dec. 8, 2009). Here, Ellison has two objections, both regarding the "sufficiency of the evidence claims." (Pet.'s Objections, at 2, ECF No. 28.) He did not present either issue to Magistrate Judge Heffley and is not permitted to raise them now unless the interest of justice requires it.

**B.**

In his first objection, Ellison argues that trial counsel should have impeached witness Anna Cannon. Ellison's objection is without merit and the Court agrees with the R&R that in light of the other evidence presented, there is no reasonable probability that the result of the trial would have been different had trial counsel impeached Ms. Cannon as Ellison feels he should have. The R&R states "Cannon made her identification from the photographic array at the hospital on the night the victim was murdered, one day after she observed Ellison threaten the victim." (R&R, at 13, ECF No. 19.) The trial transcript confirms this. Specifically, Cannon testified that she observed Ellison threaten the victim on October 17, 2007. (*Commonwealth v. Ellison*, No CP-51-CR-0008489-2008 (Pa. Ct. Com. Pl. Phila. Cnty. Jan. 13, 2010), Trial Tr. vol. 1, 92:10–94:7, Jan. 13, 2010) [hereinafter "Trial Tr."]. The victim was shot on October 18, 2007. (Trial Tr. vol. 1, 17:13–20:16.) When Cannon arrived at the hospital that night, she viewed a photo book and identified Ellison as the person who threatened the victim. (*Id.* 97:6–20.) On cross-examination, counsel clarified that Cannon viewed the photos at the hospital. (*Id.* 100:15–21.) In his objection, Ellison asserts that "the Statement of Cannon states that she identified [Ellison] from a photo array on the same

4

date that the victim was murdered." (Pet.'s Objections, at 2.) Ellison argues that there is a conflict between Cannon's testimony and Cannon's statement regarding when she identified him and that as a result, trial counsel had an obligation to impeach the witness which "could have led to the determination that Cannon's statement was fabricated." (*Id.*) There is no conflict between these statements. Both statements indicate that Cannon identified Ellison from the photo array on the night he was shot, once Cannon was at the hospital.

## C.

In his second objection, Ellison argues that trial counsel failed to "raise a sufficiency of the evidence claim[]" because of a conflict between Police Officer Centeno's testimony and that of Patricia Chapman. Again, the objection is meritless. Ellison argues that between the two accounts, there is a conflict regarding when the police arrived on the scene. (Pet.'s Objections, at 4.) Ellison suggests that if the police were on the scene before Chapman arrived, they could have witnessed the victim allegedly telling Chapman that the Petitioner, "Poodie," shot him. (*Id.*) Ellison alleges that his trial counsel should have objected and that the evidence was "misapprehended and/or overlooked by this Honorable District Court." (*Id.*) The testimony does not conflict.

Ellison asserts that Officer Centeno testified that the victim's family was on the scene when Officer Centeno arrived. (Pet.'s Objections, at 4.) Officer Centeno did testify that when he arrived, he helped three other officers place the victim in the back of the police car. (Trial Tr. vol. 1, 18:10–19:14.) Officer Centeno also stated that there were some family members standing around. He knew that because one of the

individuals stated "that's my brother" in reference to the victim. (*Id.*) Chapman testified that when she arrived at the scene, she saw her brother, the victim, lying on the ground holding his stomach with a couple of people around him. (*Id.* 111:8-18.) At that point, Chapman asked her brother what happened to which he replied that Poodie shot him. (*Id.* 111:14-25.) After that, the police arrived on the scene and Chapman told the police to get her brother to the hospital as soon as possible. (*Id.* 114:1-7.) On cross-examination, Chapman confirmed this series of events. She testified that when she arrived on the scene, other civilians were present, but the police were not there yet—they were just pulling up. (*Id.* 119:2-15.) She stated that she spoke to her brother in the presence of two civilians. (*Id.* 112:4-7.) In the presence of those two people, Chapman's brother said that Poodie shot him. (*Id.* 112:8-14.) The police then arrived on the scene and began to attend to Chapman's brother. (*Id.* 112:15-21.)

Ellison's objections are overruled. An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.